UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. FLETCHER,<br><br>       Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER MARQUEZ, et al.,<br><br>       Defendants. | Case No.: 16cv564-JLS-MDD<br><br>**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 15] |

  This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) of the United States District Court for the Southern District of California. For the following reasons, the Court **RECOMMENDS** that Defendants' Motion for Summary Judgment be **GRANTED**.

## I. PROCEDURAL HISTORY

Gregory L. Fletcher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*, with a civil complaint filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 3). In his Complaint, Plaintiff sets forth three claims alleging that his First Amendment rights of access to courts were violated when prison personnel retaliated against him for making a complaint against a correctional officer; by using racial slurs, threatening him with a "mini 14 gun," and falsifying documents accusing him of extortion and blackmail of the medically disabled inmates he worked with; and by intentionally misplacing or destroying the tape recording of his interview about the retaliation with the Captain. (ECF No. 1). Plaintiff served Correctional Officer Edrozo (mistakenly sued as "Odroszo"), Sergeant Whiting, and Lieutenant Davis, but the summons was returned unexecuted as to Correctional Officer Marquez. (ECF No. 7).

On March 17, 2017, Defendants Edrozo, Whiting, and Davis filed a motion for summary judgment, and served a *Rand* notice on Plaintiff. (ECF No. 15). In their motion, Defendants move for summary judgment regarding all claims asserted in the complaint. (*Id*.). In response, on April 05, 2017, Plaintiff filed his opposition to Defendants' motion for summary judgment. (ECF No. 19).

## II. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure authorizes the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The standard for granting a motion for summary judgment is essentially the same as for the granting of a directed verdict. Judgment must be entered, "if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). "If reasonable minds could differ," however, judgment should not be entered in favor of the moving party. *Id.*

The parties bear the same substantive burden of proof as would apply at a trial on the merits, including plaintiff's burden to establish any element essential to his case. *Liberty Lobby*, 477 U.S. at 252; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The moving party bears the initial burden of identifying the elements of the claim in the pleadings, or other evidence, which the moving party "believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1305-1306 (9th Cir. 1982). More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The burden then shifts to the non-moving party to establish, beyond the pleadings, there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. To successfully rebut a properly supported motion for summary judgment, the non-moving party "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the plaintiff['s] favor, could convince a reasonable jury to find for the plaintiff[]." *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000) (citing FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 323; *Liberty Lobby*, 477 U.S. at 249).

In ruling on a motion for summary judgment, the court need not accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "No valid interest is served by withholding summary judgment on a complaint that wraps nonactionable conduct in a jacket woven of legal conclusions and hyperbole." *Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989).

Moreover, "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). But, "the district court may not disregard a piece of evidence at the summary stage solely based on its self-serving nature." *Nigro, supra*, 784 F.3d at 497-498 (finding plaintiff's "uncorroborated and self-serving" declaration sufficient to establish a genuine issue of material fact because the "testimony was based on personal knowledge, legally relevant, and internally consistent.").

## III. PARTIES' ALLEGATIONS AND CONTENTIONS

### A. Plaintiff's Allegations

Plaintiff's Complaint alleges three interwoven claims of denial of access to the courts arising from incidents of alleged retaliation by Defendants in early 2014. (ECF No. 1). Plaintiff's first claim alleges that Officer Marquez retaliated against him and violated his First Amendment right of access to courts by "pulling his mini 14 gun out" and pointing it to his head, stating that he can "get [him] at any time." (*Id.* at 3). During this incident, Officer Marquez used racial slurs, referring to plaintiff as a "monkey." (*Id.*).[1]

The second claim alleges Defendant Edrozo violated Plaintiff's First Amendment right of access to courts when he conspired with a "snitch name[d] Doc," who gave Defendant Edrozo deceitful information that was used in retaliation against Plaintiff. (*Id.* at 4). Defendant Edrozo retaliated against Plaintiff when he wrote a "letter stating, that, [Plaintiff] was blackmailing and extorting inmates," which prevented him from writing to the courts. (*Id.*).

The third claim alleges Defendants Whiting and Davis violated Plaintiff's First Amendment right of access to courts by intentionally destroying and/or hiding a tape recorded interview about the threatening incident with Officer Marquez, summarized above. (*Id.* at 5). Plaintiff alleges that these Defendants were attempting to "cover it

---

[1] This claim is being summarized despite the fact that Officer Marquez has never been served because it relates to Plaintiff's third claim against Defendants.

all up" when the "[r]ecorded [t]ape, [] came up missing" while stating that "somebody broke into their security locker where no inmate can go" and stole it. (*Id*.).

Plaintiff attached several CDRC Form 22s to his Complaint. Those mainly pertain to an event in which Defendant Whiting and another employee took Plaintiff's property from his cell without returning them or leaving a receipt. (*Id*.).

**B. Defendants' Contentions**

According to their motion, Defendants are entitled to summary judgment because "[Plaintiff] did not exhaust all administrative remedies." (ECF No. 15-1 at 70[2]). Defendants stress Plaintiff withdrew his appeal at the First Level, thus abandoning his claims without exhausting the three required levels of review. (*Id*. at 71).

In the alternative, Defendants also contend that the retaliation claim against Defendant Edrozo is *Heck* barred since Plaintiff challenges the validity of his conviction for extorting coffee which resulted in the loss of good-time credits. (ECF No. 15-1 at 73). Defendants further contend that even if the claim against Defendant Edrozo is not *Heck* barred, the "undisputed facts show . . . no retaliation" because Defendant Edrozo wrote the rules violation report in response to a prior related investigation and several inmate informants in an effort to advance penological goals. (*Id*.).

---

[2]All references to page numbers in this Report and Recommendation refer to the CM/ECF electronically-assigned pagination unless otherwise noted.

Finally, Defendants Davis and Whiting contend that they are entitled to summary judgment because the retaliation claim against them is based entirely on "illogical speculation," for which there is no supporting evidence showing that they hid or destroyed the tape. (*Id.* at 75). Defendants Davis and Whiting additionally contend that even if it was found that they hid or destroyed the tape, Plaintiff was not harmed by any adverse action since the interview was also logged in writing. (*Id.* at 77).

### C. Plaintiff's Contentions

In opposition to Defendants' motion, Plaintiff asserts that "there is []no[] illogical speculation" and it "is as a fact and true" by all evidence and proof that Defendants retaliated against him. (ECF No. 19 at 171). Plaintiff contends that Defendants Whiting and Davis intentionally destroyed the tape recorded evidence. (*Id.* at 175, 177). Plaintiff further contends that Defendant Edrozo "lied, made false statements and perjur[ed] himself" because his witnesses stated that he did nothing wrong and willingly gave him coffee. (*Id.* at 176-177). Additionally, Plaintiff contends that the rules violation report on January 14, 2014, where Officer R. Bedolla found two 16oz jars of Folgers coffee without a receipt, could not have been a violation since items were freely passed between officers and inmates. (*Id.* at 176).

Plaintiff provides three exhibits (A, B and C) in support of his opposition. (*Id.* at 179). Plaintiff does not mention nor produce any evidence that he exhausted the prison's grievance process. (*Id.* at 176). Exhibit A, labeled "My Witness," includes the rules violation report

from the hearing on his coffee extortion charge. (*Id.* at 180-182). This attachment includes the testimony from all three witnesses questioned in this hearing. (*Id.*). Exhibit B consists of a "Confidential Information Disclosure Form," which states that Defendant Edrozo used confidential information in his report. (*Id.* at 184). Exhibit C includes a report from Officer R. Bedolla, detailing the coffee finding and violation for "Possession and Exchange." (*Id.* at 186-191). Exhibit C further includes several property receipts and a list of what items Plaintiff claims were damaged or destroyed in a separate incident. (*Id.*).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

Defendants seek summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies with respect to all claims alleged in the Complaint. (ECF No.15-1 at 70-71). In his opposition, Plaintiff does not address whether he exhausted the available administrative remedies. (ECF No. 19).

#### 1. Standard

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West 2014); *see also Booth v. Churner*, 532 U.S. 731, 736 (2001); *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010). "[A] prisoner must complete the administrative review process in accordance with the applicable

procedural rules . . . as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Prisoners must exhaust prison administrative procedures regardless of whether the type of relief they seek matches the type of relief available through administrative procedures. *See Booth*, 532 U.S. at 741; *see also Morton*, 599 F.3d at 945. But the PLRA requires exhaustion only of those administrative remedies "as are available," and the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." *Nunez v. Duncan*, 591 F.3d 1217, 1223-1226 (9th Cir. 2010) (plaintiff's failure to exhaust was excused because he took reasonable steps and was precluded from exhausting by the warden's mistake).

Failure to exhaust administrative remedies is an affirmative defense that defendants must raise and prove. *See Jones v. Bock*, 549 U.S. 199, 212-217 (2007) (explaining that inmates are not required to specifically plead or demonstrate exhaustion in their complaints). Specifically, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) *cert. denied sub nom. Scott v. Albino*, 135 S. Ct. 403 (2014). After the defendant has met that burden, the prisoner has the burden of production. *Id.* "That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The plaintiff may rebut

"by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Id*. (quoting *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

"The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'" *Brown v. Valoff,* 422 F.3d 926, 935 (9th Cir. 2005) (emphasis added); *Booth,* 532 U.S. at 738. A withdrawn appeal "is to abandon one's claim, to fail to exhaust one's remedies." *Rivera v. United States Postal Service,* 830 F.2d 1037, 1039 (9th Cir. 1987) (applying the general rule in employment civil rights context); *and see, e.g.*, *Cruz v. Tilton*, Case No. 1:06cv883-DLB-PC, 2009 WL 3126518, *14 (E.D. Cal. Sep. 23, 2009) (applying this holding from *Rivera* in a prisoner §1983 context and finding plaintiff failed to exhaust claims because he withdrew the grievances); *Rio v. Morgado,* Case No. 10cv8955-CJC-PR, 2012 WL 209401, *4-*5 (C.D. Cal. May 1, 2012) (no exhaustion where prisoner plaintiff voluntarily withdrew grievance concerning the use of fans to cause pain once he was seen by a doctor).

Where a plaintiff has not obtained all of the available remedies, "[a] withdrawn inmate grievance cannot be used to demonstrate exhaustion of administrative remedies." *Cruz,* 2009 WL 3126518, at *5; *Rio,* 2012 WL 209401; *but cf. Harvey v. Jordan*, 605 F.3d 681 (9th Cir. 2010) (exhaustion found despite early termination where prisoner plaintiff's request to access a videotape—the *only* remedy available through the grievance system—was granted); *Hallford v. Cal. Dep't of Corr.*, 343 Fed. Appx. 176 (9th Cir. 2009) (exhaustion found despite

10

early termination where prisoner plaintiff's request for a vegetarian meal card—the *only* remedy available to him through the grievance system—was granted).

**2. Analysis**

### i. Administrative remedies exist

Defendants have met their burden of showing that a grievance procedure existed. (ECF No. 15-1 at 70-71); Cal. Code Regs. Tit. 15 §§ 3084.1(a), 3084.1(b), 3084.2(a), 3084.7(b) and 3084.7(d)(3).

Under Title 15, inmates may challenge any condition or action that adversely affects their welfare. (*Id.*). To challenge these conditions and seek relief, an inmate must submit a CDC Form 602 inmate appeal at the First Level of review. (*Id.*). If an inmate is dissatisfied with the First Level of review then he must appeal to the Second Level of review. (*Id.*). If the inmate is still dissatisfied after the Second Level of review, then he must appeal to the Third Level. (*Id.*). Unless there is a regulatory exception, all claims must be brought to the Third Level to be considered exhausted. (*Id.*).

Plaintiff had knowledge that this grievance process was available to him. Plaintiff has filed both Form 22s and a 602 for their respective purposes, showing his understanding of the system.

### ii. Exhaustion

Defendants met their burden of showing that Plaintiff did not exhaust the available administrative grievance process. (ECF No. 15-1 at 70-71). Specifically, Defendants provide Plaintiff's 602 inmate

appeal, Log No. RJD-D-14-01234, directed towards Defendant Edrozo for retaliation. (ECF No. 15-5 at 138-141).

On March 25, 2016, Plaintiff filed his 602 claiming retaliation. (*Id.* at 138). On May 02, 2014, his 602 was accepted at the First Level of review. (*Id.*). On June 05, 2016, Plaintiff withdrew his 602 at the First Level. (*Id.*). He noted that he received some but not all of the requested property. (*Id.*). Plaintiff's 602 was not "granted" nor "partially granted." Plaintiff did not receive *all* of the requested relief available to him through this grievance process.

Plaintiff was required to appeal through all available administrative remedies before filing his Complaint. *Booth,* 532 U.S. 731; *Brown,* 422 F.3d 926; *Cruz,* 2009 WL 3126518; *Rio,* 2012 WL 209401. By withdrawing his 602 inmate appeal at the First Level after receiving only some of the requested relief available, Plaintiff failed to exhaust his claims. *Id.*

### iii. Production

Plaintiff failed to meet his burden of production. In his opposition, Plaintiff did not identify any evidence to show that the grievance procedure was effectively unavailable to him or that he had exhausted the procedure.

In sum, the Court **RECOMMENDS** finding that all claims were not exhausted through the administrative process, and that summary judgment be **GRANTED** in favor of Defendants Edrozo, Whiting and Davis.

## V. CONCLUSION

For the reasons set forth herein, the Court **RECOMMENDS** that Defendants' Motion for Summary Judgment be **GRANTED**.

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may filed written objections with the court and serve a copy on all parties by **August 21, 2017**. The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **August 28, 2017**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: August 3, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge