# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. FLETCHER,<br><br>                              Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER MARQUEZ, et al.<br><br>                             Defendants. | Case No.: 16-CV-564 JLS (MDD)<br><br>**ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS; (2) ADOPTING REPORT AND RECOMMENDATION; AND (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 15, 22, 23) |

      Presently before the Court is Judge Mitchell D. Dembin's Report and Recommendation, ("R&R," ECF No. 22), on Defendants W. Edrozo, S. Whiting, and S. Davis's Motion for Summary Judgment, ("MSJ," ECF No. 15-1). Plaintiff filed an Objection to Judge Dembin's R&R, ("R&R Objs.," ECF No. 23), and Defendants did not file a reply. For the following reasons, the Court (1) **OVERRULES** Plaintiff's Objections, (2) **ADOPTS** Judge Dembin's R&R, and (3) **GRANTS** Defendants' Motion for Summary Judgment.

///
///
///

1

## BACKGROUND

Judge Dembin's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motion for Summary Judgment. (*See* R&R 2–8.)[1] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

### I. Summary of the R&R Conclusion

On March 4, 2016, Plaintiff filed a Complaint against various defendants for alleged violations of his civil rights. ("Compl.," ECF No. 1.) Plaintiff accuses the moving Defendants of violating his right to access to courts through incidents of retaliation. (*Id.* at 3–5.) On March 17, 2017, Defendants filed a Motion for Summary Judgment arguing that (1) Plaintiff failed to exhaust administrative remedies, (2) Plaintiff's retaliation claim against Defendant W. Edrozo is *Heck* barred, and (3) the undisputed facts show that Defendants did not retaliate against Plaintiff. (*See generally* MSJ.)

Without addressing Defendants' other asserted grounds for dismissal, Judge Dembin

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

concluded that Plaintiff did not exhaust all administrative remedies and thus recommends that the Court grant Defendants' Motion for Summary Judgment. (R&R 11–13.) Judge Dembin notes that Plaintiff filed an administrative appeal which was accepted at the first level, but withdrew the appeal before it was fully resolved and did not appeal it to any higher levels. (*Id.* at 12.) Plaintiff did not provide any evidence in his opposition to Defendants' Motion for Summary Judgment to show that he exhausted his administrative remedies. (*See generally* ECF No. 19.) Thus, Judge Dembin found that there were administrative remedies available to Plaintiff, but that they were not exhausted. (R&R 11–12.)

## II. Summary of Plaintiff's Objections

Liberally construing Plaintiff's filing, it appears he objects to Judge Dembin's Report and Recommendation by stating that he "swear[s]" that he "did exhaust all administrative remedies against [correctional officer] Marquez." (R&R Objs. 4.) Plaintiff's filing contains no other specific objections to Judge Dembin's Report and Recommendation. (*See generally id.*)

## III. Court's Analysis

The Court reviews, *de novo*, each part of Judge Dembin's Report and Recommendation to which Plaintiff objects. 28 U.S.C. § 636(b)(1)(c). Because the exhaustion issue is dispositive, the Court need not review the merits of Plaintiff's claim. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir.) (en banc), *cert. denied sub nom.*, *Scott v. Albino*, 135 S. Ct. 403 (2014).

Plaintiff objects to Judge Dembin's finding that Plaintiff failed to adequately exhaust his administrative remedies before bringing a claim. (R&R Obj. 4.) Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010). Therefore, a prisoner's completion of the administrative review process is "a

precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). However, since the PLRA only requires exhaustion of administrative remedies "as are available," exhaustion is not required when circumstances render administrative remedies "effectively unavailable." *Sapp v. Kimbrell*, 623 F.3d 813, 822–23 (9th Cir. 2010).

Under the PLRA, failure to exhaust is an affirmative defense that defendants must raise and prove. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) ("Inmates are not required to specially plead or demonstrate exhaustion in their complaints."). For summary judgment, defendants bear the burden of producing evidence necessary to demonstrate a failure to exhaust. *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017). To do so, defendants must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. Once this burden has been met, the prisoner must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*.

### A. Exhaustion of Administrative Remedies

The Court will first examine whether Defendants met their burden of demonstrating a failure to exhaust. To do so, Defendants must first show there was an available administrative remedy. Judge Dembin's Report and Recommendation found it clear from the record that administrative remedies were available to Plaintiff under Title 15 of the California Code of Regulations. (*See* R&R 11 (finding that Title 15 provides three mandatory levels of review for prisoners, and Plaintiff had knowledge of this grievance process).) Under Title 15, to pursue an administrative remedy, "an inmate must submit a CDC Form 602 inmate appeal at the First Level of review." (*Id.*) An inmate dissatisfied with the decision at this level must appeal through the Second and Third Levels to exhaust the administrative remedy. (*Id.*) The fact that Plaintiff filed a CDC Form 602, complaining about Defendant W. Edrozo, shows both that this administrative remedy was available to Plaintiff and that he had knowledge of its existence. (*See* Declaration of J. Walters ("Walters Decl."), ECF No. 15-5, at 20.) Thus, the Court finds that Defendants have met

their burden of showing the existence of an available administrative remedy.

Having established that a remedy was available, Defendants must next show that Plaintiff failed to exhaust it. Defendants argue that because Plaintiff withdrew his appeal at the First Level, he failed to exhaust all available remedies. (MSJ 11.) On March 25, 2014, Plaintiff brought a 602 inmate appeal against Defendant W. Edrozo for retaliation and for confiscating Plaintiff's property. (Walters Decl. 20.) On June 5, 2014, Plaintiff agreed to withdraw his appeal in exchange for the return of some, though not all, of his property. (*See id*. at 21–27.) On his request to withdraw, Plaintiff wrote, "I do not wish to pursue this issue any further therefore I am withdrawing this 602 at the first level." (*Id*. at 21.) Withdrawing an appeal is tantamount to abandonment and fails to exhaust available remedies. *Rivera v. U.S. Postal Serv.*, 830 F.2d 1037, 1039 (9th Cir. 1987), *overruled on other grounds by Bullock v. Berrien*, 688 F.3d 613 (9th Cir. 2012); *see also Cruz v. Tilton*, No. 1:06CV883-DLB-PC, 2009 WL 3126518, at *5 (E.D. Cal. Sept. 24, 2009) ("A withdrawn inmate grievance cannot be used to demonstrate exhaustion of administrative remedies."). Prisoners are obligated to exhaust all available remedies so long as some remedy remains available to them. *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Here, Plaintiff withdrew his appeal prior to achieving all remedies available to him. Though he received some of his confiscated property in exchange for withdrawal, there was other property he alleged was taken that was not returned. (*See* Walters Decl. 21–27.) Furthermore, in his inmate appeal, Plaintiff requested that action be taken to "stop the retaliation" against him by correctional officers. (*Id*. at 20.) The record does not show that this request was resolved through the inmate appeal process. Therefore, Plaintiff had some remedies still available to him through the appeal process prior to his withdrawal. Thus, the record is clear that Plaintiff did not exhaust his administrative remedies

### *B. Effectively Unavailable Administrative Remedy*

Having found that administrative remedies were available but not exhausted, Plaintiff must come forward with evidence showing that the administrative remedies were effectively unavailable to him. The record indicates that after Plaintiff wrote an inmate

appeal on March 25, 2014, he submitted several CDCR Form 22's[2] prior to withdrawing his appeal on June 5, 2014. (Walters Decl. 32–37.) These forms contained complaints from Plaintiff directed to the prison warden, various correctional officers, and the "appeals coordinators" that Plaintiff had faced retaliation and that his life had been threatened by correctional officers. (*See id*.) The Ninth Circuit has recognized that "when a prisoner reasonably fears retaliation for filing a grievance, the administrative remedy is effectively rendered unavailable and the prisoner's failure to exhaust excused." *McBride v. Lopez*, 807 F.3d 982, 986 (9th Cir. 2015); *see also Ross v. Blake*, 136 S. Ct. 1850, 1860, (2016) ("[A]n administrative procedure is unavailable . . . when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."). Thus, the Court will examine these CDCR 22 forms for evidence of retaliation against Plaintiff for filing a grievance.

Plaintiff filed CDCR Form 22's allegeing retaliation after Plaintiff brought his inmate appeal, but prior to withdrawing the appeal. At first blush, this might suggest Plaintiff feared retaliation for filing his appeal. However, the forms contain allegations concerning incidents that occurred *prior* to Plaintiff's inmate appeal, and in fact led to his bringing an appeal. Furthermore, Plaintiff makes no allegations that he was retaliated against during his administrative appeal process.

     *(i) Plaintiff's Initial Complaint About Correctional Officer Marquez in Early 2014*

Plaintiff makes several references to a complaint he had made about Correctional Officer Marquez, which allegedly resulted in retaliation against him. Plaintiff alleges that Marquez threatened his life because Plaintiff "told Captain Benyard about [Marquez] and all what [sic] he has been saying and doing." (Compl. 3.) Plaintiff also references this complaint about Marquez in several of the CDCR 22 forms that he submitted after bringing

---

[2] A CDCR Form 22 is an Inmate Request for Interview, Item or Service. (*See, e.g.*, Walters Decl. 32.)

his inmate appeal. (*See* Walters Decl. 33–34 ("you let these officers do this to me all because I didn't drop the complaint on [correctional officer] Marquez.").) The record is not clear the exact date that Plaintiff made this complaint about Marquez, but one CDCR form states that on February 26, 2014, officers stole his property "all because [he] didn't drop the complaint on [correctional officer] Marquez." (*Id*. at 34; *see also* Declaration of Captain E. Benyard, ECF No. 15-4, at 2 ("In early 2014, I became aware that inmate Fletcher alleged that Officer Marquez had threatened him.").) Thus, it is clear that Plaintiff made a complaint about Correctional Officer Marquez before February 26, 2014; at least a month prior to bringing his inmate appeal on March 25, 2014.

### (ii) *Retaliation Against Plaintiff By Correctional Officers*

Plaintiff's CDCR 22 forms claim that correctional officers retaliated against Plaintiff because of the complaint he made against Correctional Officer Marquez. (*See* Walters Decl. 32–37.) For example, Plaintiff submitted a CDCR Form 22 claiming that, on an unspecified date, Correctional Officer Edrozo threatened him and paid an inmate to lie about him, "all because [he had] a complaint on [correctional officer] Marquez." (*Id*. at 33). Similarly, Plaintiff submitted a separate form stating that on February 26, 2014, correctional officers took his property and either threw it away or destroyed it, "all because [he] didn't drop the complaint on [correctional officer] Marquez." (*Id*. at 34.) The other various CDCR Form 22's filed by Plaintiff allege these same events; that he was threatened, inmates were paid to lie about him, and his property was stolen. (*See id*. at 31–37.) None of the CDCR Form 22's allege that retaliation occurred after Plaintiff brought his inmate appeal. (*See id*.)

### (iii) *Plaintiff Brings an Inmate Appeal*

On March 25, 2014, Plaintiff brought his inmate appeal, claiming that his property had been taken and that correctional officer Edrozo was encouraging another inmate to lie about Plaintiff in retaliation for the complaint Plaintiff made about Marquez. (*Id*. at 20–22.) These allegations appear to be the same claims made by Plaintiff in his CDCR 22 forms, which suggests he submitted the forms to reiterate the complaints he had against the

correctional staff. Thus, while the record contains claims of retaliation against Plaintiff, the retaliation appears to be due to a complaint Plaintiff made about Defendant Marquez—not for bringing his inmate appeal. Additionally, this alleged retaliation did not dissuade Plaintiff from pursuing an inmate appeal and, in fact appears to have prompted him to do so. Furthermore, Plaintiff has not claimed that he faced retaliation for bringing an inmate appeal in any of his filings. (*See generally* ECF Nos. 1, 19, 23.) Finally, the record provides a reason for the withdrawal; some property was returned to Plaintiff in exchange for the withdrawal of his claim. (Walters Decl. 21.) Thus, there is no evidence of retaliation for filing his grievance. Therefore, administrative remedies were available to Plaintiff and he does not have an excuse for failing to exhaust them.

Based on the record evidence, the Court agrees with Judge Dembin that Plaintiff failed to adequately exhaust his administrative remedies. Accordingly, the Court **OVERRULES** Plaintiff's Objection.

## CONCLUSION

For the foregoing reasons, the Court (1) **OVERRULES** Plaintiff's Objections, (2) **ADOPTS** Judge Dembin's R&R in its entirety, and (3) **GRANTS** Defendants' Motion for Summary Judgment, (ECF No. 15). Because Plaintiff had not exhausted his remedies prior to filing this case, further amendment would be futile. However, the Court will dismiss Plaintiff's claim without prejudice so that he may exhaust any remaining administrative remedies and seek redress accordingly. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint. This Order concludes litigation in this matter. The Clerk **SHALL** close the file.

Dated: March 12, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge